OPINION
In this case, Rayfield Hutchinson, pro se, appeals a trial court decision rejecting Hutchinson's request for leave to file a delayed motion for new trial. In terms of procedural history, we note that this is the fourth appeal related to Hutchinson's 1993 criminal conviction for aggravated robbery with a prior aggravated felony specification. First, we affirmed Hutchinson's conviction in 1995. See, State v. Hutchinson (May 10, 1995), Montgomery App. No. 13993, unreported, discretionary appeal not allowed, 74 Ohio St.3d 1409. Subsequently, we rejected Hutchinson's request to re-open his appeal, and our decision was affirmed by the Ohio Supreme Court.See, State v. Hutchinson (1996), 74 Ohio St.3d 632. Finally, in 1998, we affirmed the denial of Hutchinson's petition for post-conviction relief. See, State v. Hutchinson (Aug. 14, 1998), Montgomery App. No. 16890, unreported, discretionary appeal not allowed, 84 Ohio St.3d 1446.
This time, Hutchinson contends that he should have been allowed to file a delayed motion for new trial. In support of this claim, Hutchinson raises the following single assignment of error:
 The trial court erred or abuse [sic] its discretion in denying a motion for leave to file a motion for a new trial when it failed to determine whether the defendant-appellant was unavoidably prevented from filing his motion in light of a claim of actual innocence where the jury's verdict is not sustained by sufficient evidence or is contrary to law in violation of his right to due process and equal protection under the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
After considering the assignment of error, we find that the trial court correctly rejected Hutchinson's request, even though the court's reasoning was in error. A brief explanation of this point follows.
According to the motion filed in the trial court, Hutchinson was indigent at the time of trial and was, therefore, not entitled to free transcripts until an appeal was filed. Hutchinson alleged that he wanted to file a timely motion for new trial based on the fact that the evidence, taken as true, did not support the facts necessary to sustain the elements of the offense. However, he claimed that he could not direct the court to the pertinent evidence supporting his motion because he did not have transcripts.
The evidence which Hutchinson says was lacking at trial was proof placing Hutchinson at the crime scene (a bank robbery) or in the company of his co-defendant. In this regard, Hutchinson contends that none of the witnesses who testified established that he was at the bank or was with the co-defendant at any time.
A second issue raised by Hutchinson in the motion was a "structural defect" in the jury instructions. In this regard, Hutchinson quoted R.C. 2911.01, which prohibits persons from fleeing after a theft offense or an attempt to commit a theft offense. According to Hutchinson, the trial court did not instruct the jury to find that Hutchinson immediately fled after the alleged armed robbery. For this reason, Hutchinson feels the jury was improperly relieved of its duty to find an essential element of the offense.
The trial court refused to schedule a hearing on the request to for leave to file a delayed motion for new trial. Specifically, the court found that Hutchinson's motion was based on insufficiency of the evidence under Crim. R. 33(A)(4), not on newly discovered evidence. The court observed that "[u]nder Criminal Rule 33(B), only newly discovered evidence is a ground on which a later motion for new trial may be made." As a result, the court overruled the motion without further consideration. On appeal, Hutchinson contends that the trial court's interpretation of Crim. R. 33(B) was incorrect. In particular, Hutchinson focuses on the fact that Crim. R. 33(B) has two separate provisions controlling time limits for new trial motions. Under the first paragraph of Crim. R. 33(B), delayed filing is allowed for any ground listed in Crim. R. 33(A) (including insufficiency of the evidence), if the defendant was unavoidably prevented from filing a motion for new trial. The second paragraph of Crim. R. 33(B) then deals specifically with motions based on newly discovered evidence and has separate time limits for those motions.
The State appears to agree with Hutchinson's interpretation of Rule 33(B). Nonetheless, the State says the trial court's decision should be affirmed because Hutchinson did not give satisfactory reasons for the delay. Additionally, the State contends that Hutchinson did not set out sufficient arguments and evidence meriting a new trial.
We have previously indicated that extensions of time under Crim. R. 33(B) apply both to motions for new trial based on newly discovered evidence and to motions for new trial which rely on other grounds. State v. Wilson (March 31, 1999), Montgomery App. No. 17515, unreported, p. 1. Therefore, we agree that the trial court erred in finding newly discovered evidence the only permissible basis for a delayed motion for new trial. However, this does not mean that we must reverse the judgment. Instead, we must affirm the judgment if it is legally correct on other grounds. State v. Payton (1997), 124 Ohio App.3d 552, 557. The reason for this approach is that error is not prejudicial when a court "achieves the right result for the wrong reason." Id.
Under Crim. R. 33(B), a defendant who wants to file a delayed motion for new trial must show "by clear and convincing proof" that he was unavoidably prevented from filing a timely motion. In this context, we have previously interpreted clear and convincing evidence as:
 "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
 State v. Smith (Mar. 27, 1998), Miami App. No. 97 CA 46, unreported, p. 4, quoting from Cross v. Ledford (1954), 161 Ohio St. 469.
In the present case, the trial court was given no reason to believe that Hutchinson had been "unavoidably prevented" from filing a timely motion for new trial. Although Hutchinson said he was indigent and was not entitled to free transcripts of the proceedings until his direct appeal was filed, he was in the same position as any other indigent defendant. For that matter, Hutchinson was in the same position as any convicted defendant. Due to the short time limits for filing motions for new trial, the transcript of the trial proceedings is typically unavailable, even to litigants who can pay. Furthermore, the transcript is not needed, since Crim. R. 33 does not say that defendants must attach parts of the transcript to their motions for new trial. Compare, App. R. 26(B)(2)(e), which requires applicants to attach available parts of the record to applications for reopening. As a final point, we note that both the trial court and the litigants ought to be familiar with the evidence in a case which has just been heard.
Based on the preceding discussion, the trial court correctly overruled the request for leave to file a delayed motion for new trial. Accordingly, the judgment of the trial court is affirmed.
GRADY, P.J., and YOUNG, J., concur.